UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GAIL CARACCILO,

                Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                      04-CV-6110L

              v.

THE VILLAGE OF SENECA FALLS, NEW YORK,
THE BOARD OF TRUSTEES OF THE VILLAGE OF
   SENECA FALLS, NEW YORK,
ANTONIO CONSTANTINO, individually and/or
in his capacity as Mayor,
CARSON LANKFORD, individually and/or in his capacity as
Trustee,
LOUIS LORENZETTI, individually and/or in his capacity as
Trustee,
CHARLES P. BARBAY, III, individually and/or in his
capacity as Trustee; jointly and severally,

                Defendants.
_____

      On September 17, 2008, the Court issued a Decision and Order in this civil rights action denying defendants' motion for summary judgment. Familiarity with that Decision and Order, and with the facts of this case, is assumed.

      Defendants have now moved, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, for an order dismissing plaintiff's claims against one defendant, Carson Lankford. The basis for the motion is that Lankford was no longer a member of the Village Board of Trustees ("Board") in April 2002, when the alleged adverse employment actions here occurred.

This matter was raised in defendants' summary judgment motion, and plaintiff likewise discussed it in her response, *see* Dkt. #29 ¶¶ 42-46, but the Court neglected to address it in my prior Decision and Order. Having considered both sides' arguments on this issue, I conclude that Lankford is entitled to summary judgment.

It is well established that a defendant's personal involvement in an alleged constitutional deprivation is a prerequisite to his individual liability under 42 U.S.C. § 1983. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). It is also clear from the complaint and the entire record in this case that the adverse action giving rise to plaintiff's claims is the termination of her employment in April 2002. Plaintiff does not dispute that Lankford was not a Board member at that time, *see* Dkt. #29 ¶ 42, and he therefore could not have been personally involved in the decision to terminate plaintiff. Although there were apparently some confrontations between plaintiff and Lankford prior to his leaving the Board, those were no more than a prelude to the alleged constitutional violations here, in which he did not participate.

## CONCLUSION

Defendants' motion for reconsideration (Dkt. #38) is granted, and plaintiff's claims against defendant Carson Lankford are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 30, 2008.